FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OCT 21 2019

GEORGIA ATLANTA DIVISION

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

} CIVIL ACTION NUMBER 1 19 - CV - 4699

{ COMPLAINT JURY TRIAL DEMAMDED

| | |
|---|---|
| CALVIN W. SCOTT, | } VIOLATION OF;TITLE 42 USC SEC.1981 |
| Plaintiff, Pro Se | { (a)(b)(c)(1982 AND 1983 |
| V. | } THE CIVIL RIGHTS ACT OF 1866 |
| DORCHESTER MANAGEMENT, L.L.C | { THE FAIR HOUSING ACT OF 1968 |
| PROVIDENCE AT PARKWAY VILLAGE | } TITLE 42 USC SEC.3631(a)(b)(1) |
| EDDY BENOITJR., PRESIDENT | { THE AGE DISCIMINATION ACT OF 1975 |
| SUE ROUSH, PRESIDENT | } TITE 42 USC SEC.6101 |
| TONI, (ALIAS) LAST NAME UNKNOWN | { VIOLATION OF TITLE 18 USC, SEC 873 |
| T.J. RANDALL, ASSISTANT MANAGER | } THE FREEDOM OF INFORMATION |
| Defendants, | { ACT OF 1974 |

}

PLAINTIFF'S COMPLAINT AND REQUEST FOR AN EXPEDITED HEARING ON HIS REQUEST FOR A PRELIMANARY INJUNCTION,AND MOTION IN LEMINE FOR AN ADVERSE INFERENCE DUE TO DEFENDANTS FAILURE TO RESPOND TO PLAINTIFF'S LAWFUL REQUEST UNDER THE FREEDOM OF INFORMATION OF INFORMATION ACT OF 1974.

1

1.Discrimination on the basis of , Disability, and Age,  in an attempt to Extort, and  Blackmail the

Plaintiff, in Violation Title 18 U.S.C. 873, of  the Adult Protective Services Act, as defined under,

The Official Code of Georgia ( O.C.G.A. )30-5-8(a)(2)(A)(B);1 O.C.G.A- 16-5-102(a)(b),Via Title 42

USC;Sec1982 and 1983, 42 USC : Sec 3616 of the fair housing act of 1968,and  the Freedom of

Information Act of  1974 Title 5 USC Sec.552a(g)(5),and Request for Preliminary Injunction.


## 2.INTRODUCTION.

3.Pursuant to, Federal Rules of Civil Procedure,(FRCP) 4(a), The  Calvin W. Scott proceeding Pro Se,

brings this action pursuant to the provisions of the Civil Rights Act of 1866, This curt has personal

jurisdiction over this matter because that section authorizes nationwide service of process because all the

defendants have at least minimum contact with the United States, and can be found  in, or reside, or

transact or have transacted, business in the Northern District of Georgia, pursuant to  because all of the

defendants  can be found United States, and can be found in, or reside, or transact, or have transacted

business in the Northern District of Georgia, Under  Via Title 42 USC; Sec.1982 and 1983 and the Fair

Housing Act of 1968, as codified in O.C.G.A.30-5-3 Title 16, of Chapter 5,Article 102(a)(b),and

O.C.G.A.10-44-7-50(a)(b)and (c) the defendant are refused to follow Georgia by not providing me with a

written notice of eviction, .and Title 42  USC: Sec. 3613(a)(1)(A)(2),and Section 504 of the

Rehabilitation Act of 1973,rand the Americans with Disabilities Act Title 42 U.S.C. Sec.23117(a), and

the Fair Housing Act, as amended in 1988.


## 4. JURISDICTION AND VENUE.

5.This court jurisdiction, over the subject matter of this civil action, and venue is  proper in this judicial

district Pursuant to the Age Discrimination Act of 1975, Title 42 USC ; Sec. 6101,6102,6104 and ,6105

and, Title 34 CFR Sec.110.10(a)(b)1, Title 42 USC ; Sec.3613, Title 44 CFR ;Sec.7.944(a) and Title 34

CFR ;Sec.110.10(a)(b)1,Sectiot 504 of the Rehabilitation Act of 1973, and the Freedom of Information Act of 1974 The Disabled persons and Elder Act , as defined in the Official Code of Georgia Annotated (O.C.G.A).;30-5-8 (a)(1)(A)(B)as defined in O.C.G.A. Code 31-8-180,as defined in Code Section 49-6-72 and (2)(b) ,Chapter 5 of Title 30,or Article 4 of Chapter 8 of Title 31.


## 6.APPLICABLE LAW

7.The Age Discrimination Act of 1975,Title 42 SC Sec.6101, prohibits discrimination against the plaintiff, on the basis of his age, in programs receiving federal funds. Under. Section 2010 Georgia Code, Title 30, Chapter 5;30-5-Protective Services for Disabled Adults and Elder Persons and defines criminal penalties O.C.G.A. 30-5-6.(a)(1) and makes it unlawful to Abuse, Neglect or Exploitation any Disabled Adult ,or Elder Person.

8.Title 42 U SC; Sec.3631(a)(b)(1), makes it unlawful for anyone whoever, whether, acting under "Color of Law", by force or threat of force willfully injures. "intimidate" or interferes with any person because of handicap, in order to intimidate any person for exercising their rights under the Fair Housing Act of 1968uder

9.Title 42 USC; Sec.1982, makes it unlawful for two, or more individuals to Conspire to violate the Federal Civil Rights of a under citizen while acting under "Color of law" , is a violation of Title 42 USC;Sec.1983..

10.Violation of Title 24 CFR;Sec.100.65(a)(b)(2)(3).and(7), and Title 24 CFR Sec.100.400(b)(c)(1)(2)(4),and(5).

11.Title 18 USC Sec.873, Blackmail, Extortion, and Threats , states Whoever under a threat of informing, or as consideration for not informing, against any violation of any law of the United States, demands or

receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year or both. This statue goes to the heart of the of the defendant's actions.

## 5. PARTIES

12. Plaintiff, Calvin W. Scott an African American Male who is at least 67 years old, who is a Retired Federal Correctional officer, who was injured in the line of duty while working at the Atlanta Federal Penitentiary and former Child/Adult Protective Services worker for the Cobb County Department and Children Services, in the state of Georgia and citizen of the United States, who currently resides, at 5095 Southwood Rd. Unit 1208, in the city, Fairburn which is located in Fulton County Georgia.30213, who has a permanent Disability within the meaning of the Federal Employees Compensation Act, and the Americans with Disability Act (ADA) of 1990, 36.201 PL. 336, 104 101, Stat.328(1990.)

13.Defendant Dorchester Management Incorporated, 5605 Glenridge Dr, N.E. Suite 100

Atlanta, Georgia, 30342

14.Defendant Mr. Eddy Benoit Jr. President Dorchester Management Incorporated at:

5605 Glenridge Dr. .N.E. Suite 100

Atlanta, Georgia, 30342

15. Defendant Ms. Jan E. Roush, also listed as President, for Dorchester Management

6780 Roswell Rd N. E. Suite 200

Roswell, Ga.30328

16.Defendant Toni Alias (Last Name unknown) Property Manager

100 Southwood Rd.

Fairburn, Ga.30213

4

17.T.J. Randall, Assistant Manager

100 Southwood Rd. Site Office, Fairburn, Ga. 30213

### 18. PLAINTIFF'S STATEMENT OF FACT

19.On January 30,2016, the plaintiff Calvin W. Scott signed a lease for a senior citizen apartment a Providence at Parkway Village, 5095 Southwood Rd. Unit 1208.and for the past three years he has resided in the unit at the above address. During the application process, and at the time the plaintiff signed the initial Leasing Agreement with Dorchester he provided the representative with the his two sources of income, this included a copy of his Social Security Retirement (SSRI)income statement form1099,and his Claimants Query (CQS) form the United States Department of Labor Office of Workers Compensation Programs. These payments were made to the plaintiff's by Direct Deposit to his United States Automobile Association (USAA)bank accounts. When he signed the leasing agreement he provided the defendants with the SSRI income which was around $166.00 which was deposited in checking account #01640-2779-3, this account was initially opened as a savings account, but later changed to a checking account because, USAA have a rule, where if an account holder makes too many withdrawals from the account it is converted to a checking account. The did not see a valid reason for having two sets of checks, or debit cards, because the accounts were linked, and he could easily transfer funds from one account to the plaintiff's primary checking account with USAA is account #01441-3670-8.and these transfers show up on the primary account as "Transfer Credits". If the defendants would had taken the time to look at the banking statements they would have seen these credits, on a monthly basis, and on the initial bank statement the total amount of funds deposited into the primary account ending in ..6708 totaled $2,881.07.Which was above the income limits in the beginning.

Exhibit 1 the plaintiff's initial leasing Agreement with Dorchester.

Credits". If the defendants have taken the time to compute the amount of funds with transfer credits this would resulted in $2,881.07, in credits into the checking account # 01441-3670-8, for the month of 06/02/2015, for the first month considered before signing the lease.

Exhibit 1 Plaintiff's first lease agreement that was signed with Dorchester on January 30,2016, along .with six months of bank statements required by Dorchester Management.

Exhibit 2 Plaintiff's initial six months of bank statements given to Dorchester representative on 01/30/2016.The bank statement for 06/02/2015, contained transfer credits from account #01640-2779-2779-3, to account # 01441-3670-8,which shows the correct amount of the petitioner's income.(see) Exhibit 2,

A. Statement for 05/04/2015 to 06-02/2015

B. Statement for 06/01/2015 to 08/04/2015

.B. Statement for 07/01/2015 to 08/01/2015

C. Statement for 08/01/2015 to 09/04/2015

D. Statement for 09/01/2015 to 10/04/2015

E. Statement for 10/01/2015 to 11/01/2015

F. Statement for 11/01/2015 to 12/04/2015

Exhibit 3-The initial account statement for plaintiff's, second checking account -05/28/2015-06/29/2015,account #01640-2779, and a letter from the Social Security Administration showing that the date when the plaintiff transferred into the separate account, was after the plaintiff had signed the initial leasing agreement. This exhibit shows that the plaintiff had fully disclosed his SSRI at the time of the initial leasing agreement.

5

21.Several days later Dorchester had the site manager to contacted the plaintiff, by phone, to try, to convince him that " he was only imagining that the employees were trying to physically intimidate him", .upon realizing that Dorchester management would be taking this approach the plaintiff, decided to apply his expert knowledge, and experience to document what he observed, so that he would be able to do what has always been a duty he performed his chosen profession, specifically as a Protective Services for Cobb County of Family, and Children Services from 06/1977 to 07/1979..

22.The first time the plaintiff had a verbal disagreement with Ms. Randall was on 01/07/2019,the plaintiff went to the site office to pay his January rent to Ms. Randall., by putting his rent in her hand, personally, because the previous manager had, accused the plaintiff of not paying his rent in September 2019,. This was before defendant Randall started working at the property.  This was the procedure the plaintiff had followed since October 2017, because he often paid his rent sometimes up to three weeks in advance because, and he always put it in the hand of management, because he wanted to make sure they received the payment. On this occasion defendant Randall asked the plaintiff for a late payment, because the rent was being given to her on January 07, 2019, which was past the five-day grace period. It was at this time that the plaintiff told her that he was not going to pay a late fee, because he had been to the office several times, on January 3rd and 4th 2019, and no one was there to receive the payment.

23.It was at this time that defendant Randall told the plaintiff that he should have left his payment in the mail slot. It was at this time that the plaintiff recounted to Ms. Randall how his previous rent had come up missing, in 2017, and that he had come to the office on the, 3rd and 04th to pay his rent and no one was available to receive the payment. Defendant tried to argue with the plaintiff, that she was in the office on the 3rd and 4th and that he was lying.246.Upon looking back at this incident, the plaintiff now realizes that the reason why defendant Randall, was being so defensive about her absence from the office on the 3rd and 4th of January, appears to have taken a couple of unauthorized absences from her job, and she was trying to convince someone else, and not the plaintiff.

would serve no useful purpose, because she could not count the rent as paid until it was in her hands, and not leave it in empty office, the rent is still late until it received when the office is opened, when they return to work, and because of the fact that staff, can't count on, to assure that the rent is received on time.

25.On, or about 08/01/2019, the plaintiff was asked to come to the site office to speak to T.J Randall Assistant Manager, at the property ,by the cleaning woman to discuss his lease, and upon arriving at the Office defendant Randall advised the plaintiff, that he had six months to vacate his apartment because he had failed to report his correct income at the time he signed his lease .When the plaintiff told defendant Randall that he was not at fault for any fraudulent conduct, the defendant's only reply was that "Regardless of Fault, you will Vacate the Unit, or be Evicted"

26.When the Plaintiff asked Ms. Randall to see the alleged fraudulent information he had provided to Dorchester Management, and as of the date of this filing neither she nor Jan Roush, or any representative of Dorchester have provided any of the requested information to the plaintiff.

Exhibit 4 -The plaintiff initial (first) FOIA request, to Jan Roush President at Dorchester Management, for all Information pertaining to his lease with Dorchester Management Certified Mail .Return Receipt #7109070000016715456.

27.On 08/13/2019, the plaintiff was summoned to the site office again, by Defendant Randall and requested to sign a release to obtain the information the plaintiff had requested. Upon arriving in the office the plaintiff was required to sign a form stating, that he had received the documents he had requested, the plaintiff was not allowed to s review the documents, he was required to sign a letter stating that he had been provided with the requested documents. .

28.The plaintiff believes was coerced into signing the letter, before he was given a large green envelope, and upon returning home, and reviewing them, he realized that the envelope contained only partial bank statements, and Monthly benefit statements from the United States Department of Labor Office Workers

Compensation Programs of that the plaintiff had already been told by the Dorchester Representatives at the time he signed his initial lease that the Benefit Statement was not the correct form, and that he must provide benefit certification form.

Exhibit 5 -08/14/2019, Release the Plaintiff was required to sign under duress, because he was required to sign this release before he could review and receive the documents relating to Dorchester's proposed verbal allegations relating their verbal "Notice of eviction"

The documents provided to the plaintiff on 08/14/2019, did not contain an Inventory list, but they are being provided to this court in the same order in which they were provided to the plaintiff by defendant Randall. The reason why the plaintiff is providing them to the court in the same order in which they were provided to him, is to show the court how confusing, and incomplete they were, when compared to the way they are organized in the United States Automotive Association Bank (USAA) Document files provided by the plaintiff, and listed as follows;

Exhibit 6 -Incorrect documents provided to the plaintiff by the office on 00/14/2019

A. FY2016 -Titled Move In, this file is incomplete because every year the plaintiff was required to provide six months of his bank statements.

B.FY-2017-Titled Renewal; this file incomplete, because the documents, they only provided monthly benefit statements, and not the CQS form provided to defendant Dorchester management.by the plaintiff, at recertification.

C. FY-2018 Titled Renewal; this file is also incomplete because the plaintiff was provided with monthly benefit statements, and not the CQS form that was provided to the defendant Dorchester Management by the plaintiff at recertification.

23.The Documents provided to the plaintiff, by Ms. Randall did not Include, any of these forms, nor the Official OWCP Benefit Certification forms that he had .provided to Dorchester at each renewal.

.Exhibit 7-United States Department of labor Office of Workers Compensation Programs Official Benefit Certification the Claimants Query Form(CQS)

24.On 08/18/2019, the plaintiff filed a second request which was formal Freedom of Information Request (FOIA) request, with Jan Roush, confirming the fact that defendant Randall stated that the plaintiff was going to be evicted from his unit if he did not move in six months, for filing a fraudulent application for HUD subsidized housing, he also advised her that the documents provided to him by defendant were not complete, and that he wanted a complete copy all of the information form his file with Dorchester Management. The plaintiff specifically asked for all of the the HUD forms, which were not included in the documents, he had received , from defendant Randall, and that he was sticking to the language in his original FOIA, request sent to her on August 09.1019.

Exhibit 8-The plaintiff's second formal FOIA request of 08/18/2019, which was sent to Ms. Roush, which have been ignored as of 09/11/2019.

25.The plaintiff states that he did report the correct income to Dorchester, and this n evident in the following list of bank statements listed in the record as follows.

Exhibit -2-The required Six months of Bank Statements from USAA Federal Savings Bank that were given to Dorchester Management at the initial leasing on, 01/16/2016 at the signing of the initial leasing agreement.

Exhibit 8 Copies of six months of bank statements for the following years, (please note that these documents are 06/01/2016 to12/02/2016

Exhibit 9- Copies of statements 06/01/2017 to 12/02/2017

subsidized housing, he also advised her that the documents provided to him by defendant were not complete, and that he wanted a complete copy all of the information from his file with Dorchester Management. Specifically, all the HUD forms, which were not included in documents, he received , from defendant Randal office on 08/14/2019, to her that he was sticking to the language in his original FOIA, request sent to her on August 09.1019.

Exhibit 9-The plaintiff's second formal FOIA request of 08/18/2019, which was sent to Ms. Roush, which have been ignored as of 09/11/2019.

32.The plaintiff states that he did report the correct income to Dorchester, and this n evident in the following list of bank statements listed in the record as follows.

Exhibit 10- Copies of requested six months of bank statements for the following years, (please note that these documents are for the period of 2016 to 2019.

33.On, or about 09/05/2019, the plaintiff received a phone call from, a woman name Toni, (last name unknown ) a person in who identified herself as the manager at this Providence site other residents at Providence have told the plaintiff was the new site manager. In what was clearly a ruse designed to appear, an attempt at mitigating the dispute without providing the plaintiff with the requested documents, which were due to be turned over to the plaintiff and were never delivered.

.34.In this conversation the manager, stated that they had found a new location for the plaintiff to relocate, and that the plaintiff had to act in a hurry if he wanted the available unit of Martin Luther King Drive in Atlanta. It was at this time that the plaintiff, advised her that he was familiar with the area, and that he knew that it has an unusually High Crime Rate, and he reminded her that, he suffers from Post-Traumatic Stress Disorder, as a result of him being attacked in the line of duty, by two criminal while working, as a Federal correctional at the Atlanta Federal Prison, he had come into contact with numerous felons from that area, and that he would not have lived in that area when he was young, and at his current age of 67,

11

he definitely would not put himself at the mercy of a criminal element now, because that would be a recipe for disaster.

35.The Plaintiff also told Toni that he disagreed with the reasons why defendant Randall stated that he had to move, because of the fact that he was receiving Federal Workers Compensation Benefits from the O.W.C.P., and under the Federal Employee's Compensation Act, if defendant Randall chose to go forward with .her claims the plaintiff committed fraud in a federal housing program, the OWCP appeals would have the right to terminate all of my Medical, and Financial basis, on the basis of the allegation alone, and he will have to go through an appeals process which been known to have taken several years.

This is since the plaintiff has been through this process with the U.S. Department of Labor Office of Appeals, and Review. This unlawful deliberate, egregious conduct by the defendants, have left the plaintiff with no other choice, but to bring this action before this court.

**36..ALEGATIONS OF DEFENDANTS KNOWLEDGE, DUTIES AND WRONGFUL CONDUCT IN VIOLATIONS OF O.C.G.A. 30-5-8( 2010)(a)((1)(2)(A)(B),as defined in Sec. 31-8-180. OF THE ADULT PROTECTIVE SERVICES ACT OF THE STATE OF GEORGIA.;**

**A. ABUSE**

**37.First Cause of Action;**

38.At all relevant times the Defendants have held themselves out as being competent and qualified to provide and administer a safe and secure environment, a one who could accommodate the disabilities of a vulnerable population including the plaintiff. However, in the case of the plaintiff, Defendants failed to comply with the appropriate standard of care for sec.202, residents. Instead, the Defendants have acted

together to withhold information relating to their allegations of criminal misconduct against the plaintiff. In violation of the lawful provisions of the Title 5 U.S.C. Sec.552a(g)of the FOIA Act of 1974.

39.As the governing authority for the Facility, the Facilities and the Management are responsible for the organization and administration of the Facility, and had duties that included, but are not limited to:(a) ensuring that the facility complied with applicable statues and regulations;(b)adopting policies and procedures for the Facility; and (c)appointing the managers to run the Facility..

40.The plaintiff allege that at all during his residency at Providence at Parkway Village senior Community ,Dorchester Management and Eddy Benoit Jr, because of his responsibilities for the wrongful conduct of his employees, and agents, which occurred, during the time he was acting in his official capacity, as president, of Dorchester L.L.C. Therefore, he is thus, an indirect participant in the conspiracy, his subordinates, to Blackmail the plaintiff , by threatening to portray him in a "False Light" . Thus making the plaintiff the victim of their abusive conduct, The wrongful actions of the defendants, are manifested in the predatory, and egregious, conduct of all of the subordinate defendants, who are officers, agents, and employees at Dorchester Management who have falsely accused the plaintiff of filing a fraudulent application to obtain federally subsidized under Section 202 of a Federal Housing program. The defendant's refusal to respond to the plaintiff's lawful F.O.I.A. intentional, and deliberate malicious effort designed to wrongfully portray the plaintiff in a "False Light" thus leading to the termination of the plaintiff's OWCP benefits.

### 41.Second Cause of Action

42.The plaintiff allege that during his residence at the above the abuse has been evident because of the fact these same individuals, conspired to, defraud, the HUD, under Section 202, fraudulent advertising, subsidized housing to seniors, by engaging in a course of conduct that was detrimental to seniors, and without taking reasonable care, in the, application and screening process to assure that all of the residents met the Hud requirements under section 202.

### 43.Third Cause of Action.

44.The plaintiff allege that during while living at the residence Dorchester Management, and Eddy Benoit Jr. while acting through it agents and employees defendants, Randall, Toni, and Roush has engaged in a conspiracy, while acting under "Color of law" in effort to coerce, intimidate , by interfering , with and forcing the plaintiff into moving, out of his unit, by falsely accusing the plaintiff of deliberately providing false information to wrongfully obtain a federally subsidized apartment, while refusing to provide the plaintiff with the pertinent information to support their claim, even though he has made a Two lawful request for the derogatory information under the FOIA. This is a clear violation of 42 USC Sec.3631(a)(b)1.This is evident in the fact that the defendants Randall told the plaintiff that " Fault Does Not Matter" this plaintiff took her statement to mean that regardless of Who is at fault for the Under Reporting of Income, he would have to move, or be evicted and that she do not have to put their allegations in writing, or to simply provide the plaintiff with any required HUD Document that the plaintiff knowingly signed "Under Penalty of Perjury" under reporting his income.

### 45.Fourth Cause of Action.

46.The plaintiff allege that while residing this abuse has been evident because of the fact that Dorchester Management, and Eddy Benoit Jr. knew that they were dealing with, a population of seniors who were vulnerable, and failed to exercise reasonable care, because of "Greed" they were interested in doing in the application was putting warm bodies in an empty building for the purpose of obtaining the maximum Section 202 subsidies from HUD by showing that the building was full.

### B. NEGLIGENCE

14

### 47.FFifth Cause of Action

48.Plaintiff allege that at the time of the signing of the lease agreement on January 30,2016, the representatives for defendant Dorchester Management failed to conduct reasonable, proper screening of the future tenants. This is evident in the fact, that on that date, when all of the tenants were given their keys and assigned a unit, and told that they could start moving in, before the ink had dried on their leases on the same day, and within three weeks all of the units were occupied. There is something wrong with the picture of the plaintiff, instead this is picture of Dorchester's "Greed" they are wrong in trying to paint this type picture of the plaintiff, because the plaintiff have seen the consequences of what have happened to, too many Federal benefit recipients who have had their benefits suspended by the O.W.C. P. because under the provisions of the Federal Employees Compensation Act, all the Department of Labor can suspend the Plaintiff's benefits if they have "Probable Cause" that the plaintiff was engaged in the act of defrauding a Federal Grant program, the plaintiff in therefore, left with no choice but to exercise his Constitutional right to a trial by jury of his pears.

49.The plaintiff allege that Dorchester, and Eddy Benoit Jr. while acting through its agents and employees, Jan Roush are direct participants in the conspiracy to conceal the abusive actions, of the subordinates because she has failed, or refused to provide any of the complete information to the plaintiff that has requested in his lawful request under the freedom of information act of 1974 .The defendant's deliberate, and malicious action also violates Title 42 .USC Sec.1982 and 1983, because these individuals are acting in concert, in an intentional effort to cause the plaintiff Severe Physical and, Emotional Distress.

50.The plaintiff allege, that the defendants have caused the plaintiff severe Emotional Distress because they have , failed perform proper repairs to hallway access door leading to the plaintiffs' unit, in the last 60 days, and at times causing residents often have to leave an object in the door to avoid getting locked out of the building, and at times this door is unlocked all night, causing the plaintiff to be awake most of

the night, and also, affecting the plaintiff's emotional stability, by causing the plaintiff to have

"Flashbacks", and night sweats, resulting from his PTSD.

**C. Violation of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990**

### 51.Sixth Cause of Action

52.The plaintiff allege that at all times the defendants, Dorchester Management knew that had been

made aware, of his condition, during the application process that the plaintiff , and they are totally aware

of the fact that the plaintiff, is Totally, and Permanently Disabled, within the meaning of the FECA, and

as individuals who have chosen to work in a facility that houses the elderly, and disabled, they should

have the proper training, and knowledge, needed to prepare them to understand that their actions can

have an detrimental effect on health seniors such as the plaintiff's. Their training should have prepared

them to understand that their actions, can cause the plaintiff permanent emotional harm, as a direct result

of his Post -Traumatic Stress Disorder, which causes a lack of focus, he is being subjected to daily

mental, and emotional abuse, by actions of T.J. Randall who initiated the action by placing the plaintiff

under the enormous, mental and emotional pressure because the plaintiff was led to believe that he would

have a residence for as long as he needed one, at providence. defendant Randall is aware of the plaintiff,

suffers from PTSD, and she have refused to provide the plaintiff with any valid evidence of the alleged

fraud that she has claimed the plaintiff committed, is still in the possession of Dorchester Management.

### 53.Seventh Cause of Action.

54.The plaintiff allege that defendant Dorchester Management negligently represented to its tenant that

the property at issue tenants was properly maintained, and at the present time the plaintiff has not had

the exterminator to treat his unit for pest in almost six months. The plaintiff speculate that this is due t6o

the fact that they are waiting for the new round of Federal funding to begin in October 2019, for FY2020.

55.The plaintiff alleged, that the Defendants negligently represented the plaintiff property at issue ,

would provide Reasonable Accommodation provide the plaintiff "Reasonable Accommodation" for his

Permanent physical disability which is listed in the CQS from the OWCP as Personal Nerve damage to his left leg. Therefore defendants negligence are the cause in fact, and proximate cause of the constant pain the plaintiff have begun to suffer as a result of him having to walk around the building, because the defendants have refused to maintain repairs to the rear hall door which would provide it more convenient for the plaintiff's to enter his unit.

56.The plaintiff alleges that defendant Dorchester Management and Eddy Benoit Jr. while acting through its employee Toni the manager is also a direct participant in the Conspiracy to engage in, and participate in the abusive conduct that was emotionally detrimental to the plaintiff .This is evident in the fact that when the plaintiff made Toni aware of the fact that the income he receives from the OWCP, under the FECA, could be severely affected, or terminated if Dorchester wrongfully reported to HUD, that he had committed fraud under a federal housing program, because he may no longer works in his official capacity, as a federal law enforcement officer, he is aware of the fact that all Federal agencies share records, and if the OWCP, were to become aware of the false allegations that defendant Randall have alleged, was provided to HUD, the OWCP would have "Probable Cause" to terminate his benefits under FECA, and the plaintiff, is aware of other cases, in which OWCP claimants have had this to happen, which have caused them to go through an appeals process which could take several years.

57.The plaintiff allege, that the defendant, Dorchester Management and Eddy Benoit Jr. while through its Employee defendant Randall , have shown a careless disregard for the truth, and are trying to "Cherry Pick" and deliberately provide incomplete information from the files requested by the plaintiff, to portray the portray the plaintiff in a "False Light" to the HUD. This is evident in the incomplete information they provided in response to the plaintiff's initial FOIA request.

58.The plaintiff allege that defendants had constructive knowledge of the plaintiff's income, but simply Chose not to take the time to simply read the plaintiff's bank statements. This is evident in the fact that , if the plaintiff had provided fraudulent information to the defendants, they would have simply provided

the plaintiff with the HUD forms he had knowingly signed "Under Penalty of Perjury" instead they have chosen to force the plaintiff to bring this matter before this court.

59.The Plaintiff allege, that the defendant's negligence was a cause in fact, and a proximate cause of the plaintiff's current physical, and emotional distress.

**E.PLAINTIFF STATEMENT OF ACCEPTED  FACTS WHICH ARE NOT IN DISPUTE IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE FOR AN ADVERSE INFERENCE .**

60.The Plaintiff is entitled to an Adverse Inference against Dorchester management, and all of its agents and employees, while acting under "Color of Law " as a limited Liability Corporation under the Laws of the State  of Georgia in violation of, Title 18 42 U.S.C. Sec.1982, 1983, and the Fair Housing Act of 1968

61.The plaintiff  specifically entitled to his request for an Adverse Inference  in this motion due to the fact that on 07/30/2019, defendant Randall told the plaintiff "that Regardless Who is at Fault for the Under Reporting of Income that he still was being Evicted in Six Months.

62.The Plaintiff  is specifically entitled to an Adverse Inference because of the fact defendant Jan Roush never provided a proper response to the plaintiff's initial FOIA request of 08/09/ 2019.That was directed to her as the person listed as president of Dorchester Management.

63.The plaintiff is specifically entitled to an adverse inference, because the defendants cannot provide  the court with any evidence showing that other individuals, may  have been evicted from their units for over reporting their income, because during the application process they never tell, and in all their advertisements for this community they never tell perspective resident the income requirements, which is required by HUD Section 202 regulations.

64)The Plaintiff is specifically entitled to an adverse inference against defendant Jan Roush ,because as of the date of this filing has she failed to respond to the plaintiffs second FOIA request 08/18/2019.In violation of Federal Law.

65.The Plaintiff is specifically entitled to an Adverse Inference, due to the facts that the actions, of all of the defendants, were, deliberate, willful, and intentionally designed to cause deliberately cause the plaintiff, the maximum, emotional, and financial harm, because as a Retired Federal law enforcement officer, and because he knows that if the issue of Fraud ends up in a benefits termination by the O.W.C.P., because the defendants have, already of the fact that the plaintiff have heard too many judges tell his former coworkers that went to trial "You as a former Federal Law Enforcement, and must be Held to a "Higher Standard" of conduct.

Therefore, given the choice of between, having to go through the O.W.CP. and the Office of Appeals and Review, ("again") a process that the plaintiff have been through before, and, in which he, already knows will take him several years, and even though that decision can be Appealed, (the Plaintiff is aware of one case in he worked on with an injured federal worker which took over twenty years, and the man died two year after he received a favorable ruling from the court. When given a choice between trying to appeal a decision to by a Federal agency, in which there are, a limited basis, under the F.E.C.A., which the O.WC.P. actions are subject to Judicial Review, by the District Courts, and a choice, between that process, and dealing with the predatory actions of Dorchester, and it agents, and employees, engaging in conduct in which the plaintiff is familiar with because he have seen it before, the plaintiff is left with no other option but to exercise his Constitutional Right to DEMAND A JURY TRIAL.


**PRAYER FOR RELIEF;**.

66. Wherefore, the Plaintiff, hereby prays for the following;

67.The plaintiff ask for specific, punitive, and exemplary damages as outline below, in addition to the cost of this action.

68. As a result of the defendants negligence the plaintiff is entitled to recover for the injuries sustained, pain and suffering, the partial cost, of some of the past and future care ,and treatment because the United States Tax Payers through the Department of Justice through the OWCP should not have continue to pay the full future cost for treatment of the plaintiff illness which are the a direct result of the defendant intentional deliberate actions, and all other element of damages as allowed under the laws of the State of Georgia, and the United States, as well as special damages, compensatory damages, consequential damages, economic damages and punitive damages

69.Plaintiff is entitled to an award of $15,000.00 in Compensatory to pay for his relocation against, and $100,000.00 in punitive damage against defendant T.J. Randall in personal liability for her criminal actions, and attempt to blackmail the plaintiff into, relocating to another location without the benefit of exercising his Sixth Amendment Right to a trial by jury in the eviction process.

70.Plaintiff is entitled to an award of $20,000.00 in compensatory damages, which represents five 5yrs. Of the difference in the monthly rental cost,(until the plaintiff's benefits increases) that the plaintiff would have to pay to find a residence comparable the what the plaintiff in currently paying, and $200,000.00 in punitive damages individually against Toni the manager for her decision to knowingly, report false and misleading information to the OWCP, even though she was told by the plaintiff that it would cause him financial, and emotional harm.

71.The Plaintiff is entitled to an award of $30,000.00, in compensatory damages, individually, against defendant Jan Roush, for her intentional refusal to provide the plaintiff with the documents his is lawful entitled to under the FOIA Act. plaintiff is entitled to $500,000.00 against this defendant because she is the president of Dorchester Management, and she is not above the law, and has no Constitutional Immunity for her deliberate predatory actions.

20

72.Plaintiff is entitled to an award of $50,000.00. to reimburse the United States Department of Labor OWCP, under .Title 20 CFR Sec.10.712(a) for the past. and future cost of additional, psychological emotional counselling, and medication in which the plaintiff, will require as a direct result of the defendant's negligence against defendants ,Eddy Benoit Jr. individually because he is responsible for the actions of his agents and employee's. and $2,000,000.00 in punitive damages for the intentional infliction of emotional distress.

73.The plaintiff is entitled to $250,000.00 in compensatory damages against defendant, and $5,000,000.00 against, defendants, because the plaintiff finds that Dorchester Management L.L.C., conduct in egregious, by Dorchester who is a participant in a federal grant program under HUD Sec.202, for, misusing funds from a Federal Grant program, to engage in criminal conduct, while failing, to provide the proper training for its staff, whose conduct clearly demonstrates that the aforementioned agents and employees, of Dorchester have little, or no knowledge of what is Abuse, Neglect and exploitation as defined by O.C.G.A.-5-8-(2010)(a)(1)(2)(A)(B), Sec.31-8-180, and should be barred .

74.The plaintiff is entitled to an award additional punitive damages pursuant to Georgia law, without limitation, or cap because the actions of the defendants Dorchester Management, and its agents and employees showed, wantonness, oppression, and an entire lack of reasonable care, which would raise the presumption of conscious indifference to consequences.

75.The plaintiff is entitled to $3,500,000. in specific punitive damages against Dorchester Management L..L.C. and, all its agents and employees, as provided in Title 5 U.S.C. Sec,552a(g)

76. Because of the fact that the Defendants actions evidence a species of bad faith, Plaintiff, in not responding to plaintiff's lawful request, Defendant's actions evidence a species of bad faith, designed to cost the Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, the legal cost of filing this action, and all other fees pursuant to the laws of Georgia, and the United States of

Wherefore, plaintiff prays for any further additional, consequential, punitive as damage, as a Jury may find to be  Just and Fair.

Respectfully Submitted,

Calvin  W. Scott, Plaintiff Pro Se

5095 Southwood Rd. Unit: 1208

Fairburn, Ga.30213

770-703-5898

Sworn, and Subscribed, before me this 16th, Date of  October 2019

**NOTARY PUBLIC**

My Commission Expires  8 29.21

J\

22

**MEMORAUDUM OF LAW IN SOPPORT OF PLAINTIFF'S COMPLAINT,AND IN SUPPORT OF MOTION IN LIMINE FOR AN ADVERSE INFERENCE.**

Come Now, the plaintiff calvin W. Scott, acting pro Se, hereby submit this memorandum Law in support of the allegations contained within his complaint, in which he is submitting, in support of the allegations against the defendants, which based on his personal Verified Knowledge, Experience, and Belief, acquired while conducting , Investigating and supervising families while employed as a Protective services Case worker for the Cobb Department of Family and Children Services June 1978, to June 1979, in which the plaintiff was required to assist, Robert Grayson the agency attorney in preparing cases brought, by the agency, in cases of Abuse, Neglect, and Exploitation. The was also required to prepared the agency cases he investigated during the course of his duties, including preparing cases for presentation to the Grand Jury by Tom Charron, the Cobb County District Attorney, and being required to appear in Cobb County Juvenile, and State Superior Courts to provide Expect Testimony regarding the cases he investigated, and supervised. When the plaintiff transitioned to the United States Department of Justice Federal Bureau of Prisons.

The plaintiff's knowledge is based on his personal, experience and personal interactions with individuals involved in this same type of predatory behavior, from some of his male teachers trying to abuse him, during the time he attended in middle school, his personal knowledges was further enhanced through his many long hours of, interviewing the Alleged predators, spending long hours of listening to their repeated denials of the allegations, while supervising the families, and working the actual victims of the

**1**

16

predatory conduct, as protective services caseworker.

The plaintiff also spent even more long hours, in which he feels further enhanced his personal knowledge, by having to supervise, and observe the behavior, of the actual felons, during their incarceration for same types predatory of conduct he had against, Investigated children, and the elderly, during the course of his employment with the Federal Bureau of Prisons, as a Federal Correctional Officer after leaving the Cobb protective services unit in 1979.

When the plaintiff confronted defendant directly, she began to try to assert control of the conversation, by over stressing her denial.

The in his experience the plaintiff have noticed that the vast majority of these individuals in defendant Randall's position have a need to prey on people that they perceive to be vulnerable, and that is why they tend to acquire positions which gives them ready access to the object of their conduct. The plaintiff is not claiming to be associated with, either of the agencies mentioned above for years.

However, sometimes act that happens early, in life can be forgotten over a period time, but a person can always, remember the way the, act made them feel, each time it happens again for the rest of their life. That's why the plaintiff, is respectfully requesting, the be allowed his Constitutional right have allegations of criminal misconduct conduct in which the defendants have alleged that he has been, and is currently engaged in, be decided in a Jury Trial, as Demanded in his Complaint.

Respectfully Submitted,

17

Calvin W. Scott, Pro Se Plaintiff

5095 Southwood Rd. Unit 1208

Fairburn.Ga.30213

770-703-5898

10/18/2019

**3**